# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM BURTON, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) |
| MARC ZIEGLER, in his Individual Capacity as a Trooper for the Pennsylvania State Police, | ) **CIVIL ACTION NO.:**<br>) 2:21-cv-1215<br>)<br>) |
| | ) **TYPE OF PLEADING:**<br>) COMPLAINT. |
| Defendant. | ) **Nature of Complaint:**<br>) 1983 Civil Rights Action |
| | ) **FILED ON BEHALF OF:**<br>) Tim Burton |
| | ) **COUNSEL OF RECORD:**<br>) Noah Geary, Esquire<br>) Suite 600<br>) the Mitchell Building<br>) 304 Ross Street<br>) Pittsburgh, PA 15219<br>) 412-232-7000<br>) PA ID 78382 |

September 10, 2021

**JURY TRIAL DEMANDED.**

1

## JURISDICTION:

**AND NOW COMES** Tim Burton, by his lawyer, Noah Geary, who pleads as follows:

1. This action arises under the Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments as well as under the laws of the United States of America, particularly the Civil Rights Act Title 42 U.S.C.§ 1983.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 U.S.C.A. §§ 1331.

## VENUE:

3. Venue is proper in this district because it is where all the parties reside and where the violations of the Plaintiff's constitutional and civil rights occurred.

## PARTIES:

4. The Plaintiff is Tim Burton who is an adult individual currently residing in Washington County which is within the Western District of Pennsylvania.

5. Defendant Marc Ziegler is an adult individual currently stationed in the Beaver Barracks of the Pennsylvania State Police who at all times material was acting within the scope of his duties as a State Trooper for the Pennsylvania State Police. Ziegler also at all times material acted under color of state law. He is sued in his Individual Capacity only.

6. All acts/omissions which resulted in the deprivation of Burton's constitutional and civil rights, detailed below, were committed within the Western District of Pennsylvania.

### Background.

7. The foregoing paragraphs are hereby incorporated by reference as though set forth fully.

8. As of May, 2017 Tim Burton, then age 43, was a successful businessman.

9. He was married and had a step-daughter. He was also a respected coach.

10.     Burton had 20 years of experience in the Major Construction industry, specifically related to Power Generation Facilities, and had a great job.

11.     He had no prior record, other than a Summary Offense.

12.     On May 7, 2017, his step-daughter made allegations against him to the Defendant, a Trooper then-stationed at the Belle Vernon, Pennsylvania Barracks.

13.     Specifically, the step-daughter made allegations of a sexual nature against the Plaintiff.

14.     The very next day, however, the step-daughter went to the Belle Vernon Barracks and recanted her allegations to the Defendant, Trooper Ziegler.

15.     Further, the step-daughter's own Mother stated to Defendant Ziegler that she did not believe her own daughter as to the allegations.

16.     The Defendant, however, purposefully and intentionally omitted from his Investigative Report the fact that the step-daughter recanted; he did this so that no one would ever know that Plaintiff's accuser recanted her allegations the very day after she initially made the false allegations.

17.     Defendant Ziegler then, just two days later, on May 10, 2017 -without doing any investigation whatsoever – filed charges of felony of the first degree forcible rape against the Plaintiff along with 13 other charges.

18.     Defendant also sought a warrant for Mr. Burton's arrest despite having the option to mail the charges to Mr. Burton with a Summons.

19.     The Defendant charged Mr. Burton with 14 crimes, including 13 sex crimes:

>   **COUNT ONE**:  forcible rape, Title 18 Pa. C.S.A. Section 3121(a)(1) (*Felony of the First Degree*)
>
>   **COUNT TWO:**   rape of a substantially impaired person, Title 18 Pa. C.S.A. Section 3121(a)(4) (*Felony of the First Degree*)

**COUNT THREE:** statutory sexual assault, Title 18 Pa. C.S.A. Section 3122.1(b) (F1)

**COUNT FOUR:** IDSI forcible compulsion, Title 18 Pa. C.S.A. Section 3123(a)(1) (F1)

**COUNT FIVE:** IDSI Title 18 Pa. C.S.A. Section 3123(a)(7) (F1)

**COUNT SIX:** aggravated indecent assault without consent, Title 18 Pa. C.S.A. Section 3125(a)(1) (F2)

**COUNT SEVEN:** aggravated indecent assault, Title 18 Pa. C.S.A. Section 3125(a)(5) (F2)

**COUNT EIGHT**: aggravated indecent assault – person impairs complainant, Title 18 Pa. C.S.A. Section 3125(a)(5) (F2)

**COUNT NINE**: endangering the welfare of a child, Title 18 Pa. C.S.A. Section 4304 (F3)

**COUNT TEN:** indecent assault without the consent of other, Title 18 Pa. C.S.A. Section 3126(a)(1) (M2)

**COUNT ELEVEN**: indecent assault person substantially impaired; Title 18 Pa. C.S.A. Section 3126(a)(5) (M1)

**COUNT TWELVE:** indecent assault person less than 16 years; Title 18 Pa. C.S.A. Section 3126(a)(8) (M2)

**COUNT THIRTEEN**: furnishing alcohol to a minor; Title 18 Pa. C.S.A. Section 3126(a)(8) (M3)

**COUNT FOURTEEN**: corruption of minors; Title 18 Pa. C.S.A. Section 6301(a)(ii) (F3)

20. The charges carried with them the potential of life imprisonment. In addition, they carried with them the potential of life-long registration as a sex offender.

21. Moreover, Mr. Burton, innocent of all charges, was accused of the worst thing imaginable: raping and molesting his step-daughter, all of which was totally untrue, and which an actual investigation would have revealed.

4

22. At a Preliminary Hearing, because the Magistrate Judge is required is accept the Government's version as true and is not permitted to make credibility determinations, the charges were held for Court.

23. The charges were published and disseminated in the Media.

24. Further, Defendant Ziegler had an agreement with Plaintiff's counsel to not arrest the Plaintiff; the Plaintiff agreed to appear and face the charges, because he was/is innocent.

25. Defendant Ziegler reneged on this agreement with Mr. Burton's counsel and had Mr. Burton arrested, just to humiliate him.

26. After a jury trial, however, a jury, on September 11, 2019, found the Plaintiff not guilty of most of the offenses; the jury was hung on all other charges. The Plaintiff was not convicted of a single count.

27. A Post-Trial Motion was filed by the Plaintiff and the trial Court further ruled on September 27, 2019 as a matter of law that the Plaintiff was not guilty on another Felony Count.

28. The criminal proceedings were terminated in the Plaintiff's favor on February 7, 2020, when a Washington County Judge dismissed all remaining charges with prejudice upon Motion of the District Attorney after the Plaintiff was found not guilty of most offenses and the Government failed to obtain a conviction on a single count.

29. Defendant Ziegler, before he filed the charges, failed to engage in any investigation whatsoever, including some of the following basic investigative tasks, which would have immediately led him to realize that the accuser's story was not worthy of belief:

   a. he failed to conduct a simple title search on the Plaintiff's boat. The accuser had alleged that improper touchings occurred on the boat in 2012. The Plaintiff however did not even purchase the boat until several years later. A computer search would have revealed this information within minutes;

   b. he never asked one question of the accuser's Mother to determine if the Mother

was home during the period of when the alleged crimes occurred; specifically, the accuser claimed to Defendant Ziegler that her Mother was never home during the period in time in question, because the Mother was working. In fact, this was totally false; in fact, the Mother was a full-time stay-at-home Mom in the time period in question. The Mother did not commence working until a later period of time;

c. Ziegler never went, even once, to the house/home to determine the lay out of the home;

d. he purposefully ignored and hid the fact that the accuser's own Mother totally disbelieved her own daughter, the Plaintiff's accuser;

e. Ziegler did nothing to discover the fact that the accuser's biological Father had been charged with 77 Counts of Possession of Child Pornography and 2 Counts of Corruption of the Morals of a Minor against the Plaintiff's accuser. These records were publicly available at all times in the Clerk of Courts Office of Washington County at Docket No. 2004-1218;

f. he did nothing to find out and verify if the step-daughter was a reliable source of information;

g. it is believed and therefore averred that Ziegler also threatened the accuser, upon her recanting her story, to charge her with the crime of filing a false report with a law enforcement officer -which threat was totally unreasonable and coercive.

30. Defendant Ziegler also purposefully and intentionally omitted from his Investigative Report so that no one would know that Plaintiff's accuser recanted her allegations the very day after she initially made the allegations.

31. Plaintiff's counsel obtained Defendant's Investigative Report in the discovery process and would not have known of Defendant Ziegler's decision to purposefully and intentionally omit from his Investigative Report this highly material information. Plaintiff's counsel found out about the concealed recantation only through an interview with the accuser's Mother.

6

# COUNT I.
## TIM BURTON VS. DEFENDANT MARC ZIEGLER: FEDERAL CIVIL RIGHTS VIOLATION:
## MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1871.

32. The foregoing paragraphs are hereby incorporated herein as though set forth fully.

33. Defendant Ziegler initiated a criminal process against the Plaintiff, specifically, by filing a Criminal Complaint against the Plaintiff on May 10, 2017 in the Court of Common Pleas of Washington County at OTN Number T 924629-6 accusing him of the following crimes:

**COUNT ONE**: forcible rape, Title 18 Pa. C.S.A. Section 3121(a)(1) (F1)

**COUNT TWO:** rape of a substantially impaired person, Title 18 Pa. C.S.A. Section 3121(a)(4) (F1)

**COUNT THREE:** statutory sexual assault, Title 18 Pa. C.S.A. Section 3122.1(b) (F1)

**COUNT FOUR:** IDSI forcible compulsion, Title 18 Pa. C.S.A. Section 3123(a)(1) (F1)

**COUNT FIVE:** IDSI Title 18 Pa. C.S.A. Section 3123(a)(7) (F1)

**COUNT SIX:** aggravated indecent assault without consent, Title 18 Pa. C.S.A. Section 3125(a)(1) (F2)

**COUNT SEVEN:** aggravated indecent assault, Title 18 Pa. C.S.A. Section 3125(a)(5) (F2)

**COUNT EIGHT**: aggravated indecent assault – person impairs complainant, Title 18 Pa. C.S.A. Section 3125(a)(5) (F2)

**COUNT NINE**: endangering the welfare of a child, Title 18 Pa. C.S.A. Section 4304 (F3)

**COUNT TEN:** indecent assault without the consent of other, Title 18 Pa. C.S.A. Section 3126(a)(1) (M2)

**COUNT ELEVEN**: indecent assault person substantially impaired; Title 18 Pa. C.S.A. Section 3126(a)(5) (M1)

7

>**COUNT TWELVE:** indecent assault person less than 16 years; Title 18 Pa. C.S.A. Section 3126(a)(8) (M2)
>
>**COUNT THIRTEEN**: furnishing alcohol to a minor; Title 18 Pa. C.S.A. Section 3126(a)(8) (M3)
>
>**COUNT FOURTEEN**: corruption of minors; Title 18 Pa. C.S.A. Section 6301(a)(ii) (F3).

34.     The criminal proceedings were terminated in the Plaintiff's favor on February 7, 2020, when a Washington County Judge dismissed all remaining charges with prejudice upon Motion of the District Attorney after the Plaintiff was found not guilty by a jury of his peers of most offenses.

35.     No probable cause or even arguable probable cause existed to file the criminal charges against the Plaintiff, nor did Defendant Ziegler possess a reasonable belief that probable cause or arguable probable cause existed. No reasonable police officer, looking at the totality of the circumstances, would have believed that probable cause, arguable probable cause, or even a reasonable belief that probable cause or arguable probable cause existed.

36.     Specifically, Defendant Ziegler knew that he lacked probable cause to charge the Plaintiff after the step-daughter recanted her story. This is why he purposefully chose not to document that she appeared at the Barracks the very next day and recanted.

37.     Defendant Marc Ziegler initiated the criminal proceedings and continued the proceedings against the Plaintiff, without probable cause, maliciously and for a purpose other than bringing the Plaintiff to justice, that purpose being to obtain and maintain a conviction at any cost, at the expense of and through the deprivation of the civil and constitutional rights of the Plaintiff.

38.     The Plaintiff was and is actually innocent of all crimes with which he was charged.

39.     The conduct of Defendant Ziegler was done to deprive and did in fact deprive the Plaintiff

8

of the rights guaranteed him under the United States Constitution, including but not limited to his Fourth Amendment Right to be free from a prosecution which lacked probable cause/arguable probable cause/a reasonable belief that probable cause or even arguable probable cause existed.

40. As a direct and proximate result of Defendant Ziegler's malicious prosecution of the Plaintiff, the Plaintiff suffered, inter alia, an illegal seizure of his person and the deprivation of his liberty, a wrongful criminal prosecution forcible rape which hung over his head for almost 3 years, past, present and future emotional and psychological pain, suffering, and emotional distress, humiliation, stress, fear, anxiety, and embarrassment; the stigma of being accused and labeled as a child molester; past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of his life, the ruining of his marriage, the loss of his home, permanent damage to his reputation - including his professional reputation, and the loss of other relationships, including familial relationships.

41. The above-described actions of Marc Ziegler were done with reckless and/or callous disregard of, and/or indifference to the Plaintiff's federally-protected 4th Amendment right to be free from a prosecution wholly lacking in probable cause.

42. Defendant Ziegler cannot prevail on the defense of qualified immunity because, as set forth in detail above, no reasonable police officer, looking at the totality of the circumstances, would have believed that probable cause, arguable probable cause, or even held a reasonable belief that probable cause or arguable probable cause existed. Furthermore, the Plaintiff, as of May of 2017, had a clearly-established 4th Amendment right to be free from criminal charges lacking probable cause and any reasonable police officer in the shoes of the Defendant would have known that he/she were violating this clearly-established right by filing charges which were wholly unsupported by probable cause, arguable probable cause, or even a reasonable belief that

probable cause existed.

**WHEREFORE**, Tim Burton requests a trial by jury, all compensatory damages to which he is entitled, punitive damages, as well as all investigative costs, litigation costs, interest and court costs, attorney's fees for all work in this action as well as those incurred to defend him in the underlying criminal case, case costs incurred in the underlying criminal case, and for any other relief which this Honorable Court deems appropriate, whether legal or equitable.

**COUNT II.**
**TIM BURTON VS. DEFENDANT ZIEGLER: FEDERAL CIVIL RIGHTS VIOLATION: RECKLESS INVESTIGATION IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION AND SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1871.**

43. The foregoing paragraphs are hereby incorporated herein as though set forth fully.

44. The Plaintiff had a substantive due process right under the 5th and 14th Amendments to be free from a reckless investigation including but not limited to the intentional and purposeful hiding of the fact that Plaintiff's accuser had recanted and the failure of the Defendant to attempt to corroborate in any way the accuser's story, which was false. Law enforcement officers, like prosecutors, have a responsibility to criminal defendants to conduct their investigations and prosecutions fairly.

45. In fact, the Defendant intentionally and/or recklessly failed to attempt to corroborate the step-daughter's story. Had Defendant Ziegler attempted to corroborate the story, he would have discovered that the story and the accuser was totally unworthy of belief.

46. The Defendants engaged in a reckless investigation in that they failed to engage in fundamental police work by attempting to corroborate the accuser's story as detailed in paragraph 29.

47. In fact, Defendant Ziegler engaged in no investigation whatsoever.

10

48.     None of the information set forth in paragraph 29 is after-discovered evidence; all of this information existed and was available at the time.

49.     As a result of the Defendant's reckless investigation, the Plaintiff has suffered a wrongful criminal prosecution against him for forcible rape,  past, present and future emotional and psychological pain, suffering, and emotional distress, humiliation, stress, fear, anxiety, and embarrassment; past lost earnings, lost job opportunities and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of his life,  the ruining of his marriage, the loss of his home, and the loss of other relationships, including familial relationships.

50.     The above-described actions of Defendant Ziegler were done with reckless and/or callous disregard of, and/or indifference to the Plaintiff's federally-protected  substantive due process rights.

51.     The Defendant cannot prevail on the defense of qualified immunity because, as set forth above, no reasonable police officer would have engaged in such a reckless investigation and wholly failed to attempt to corroborate Plaintiff's accuser.  Furthermore, the Plaintiff had a clearly-established due process right to be free from a reckless criminal investigation wherein the Defendants intentionally failed to corroborate its principal witness. Any reasonable police officer in the shoes of the Defendants would have known that they were violating this clearly-established right by failing to corroborate anything about the accuser's version of the events that night.

    **WHEREFORE**, Tim Burton requests a trial by jury, all compensatory damages to which he is entitled, punitive damages, as well as all investigative costs, litigation costs, interest and court costs,  attorney's fees for all work in this action as well as those incurred to defend him in

the underlying criminal case, case costs incurred in the underlying criminal case, and for any other relief which this Honorable Court deems appropriate, whether legal or equitable.

**JURY TRIAL DEMANDED.**

                                                Respectfully submitted,

                                                /s/ Noah Geary
                                                Noah Geary, Esquire
                                                Suite 600
                                                The Mitchell Building
                                                304 Ross Street
                                                Pittsburgh, PA 15219

                                                412-232-7000

                                                September 10, 2021