IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM BURTON ) | |
| ) | Civil Action No. 21-1215 |
| Plaintiff, ) | |
| ) | Magistrate Judge Lenihan |
| v. ) | |
| ) | |
| MARC ZIEGLER ) | |
| ) | ECF No. 11 |
| Defendant. ) | |

## MEMORANDUM OPINION

Presently before the Court is Defendant Marc Ziegler's ("Ziegler" or "Defendant") Partial Motion to Dismiss Count II of the Complaint for failure to state a claim. Plaintiff Tim Burton ("Burton") claims that Defendant violated his Fifth and/or Fourteenth Amendment protections against reckless investigation in Count II. For the reasons discussed below, Defendant Ziegler's Partial Motion to Dismiss Count II will be granted without prejudice to Plaintiff filing an Amended Complaint.

RELEVANT FACTUAL ALLEGATIONS

On May 7, 2017, Plaintiff's stepdaughter made allegations against Plaintiff of a sexual nature to Defendant, a Trooper stationed at the Belle Vernon, Pennsylvania barracks. Complaint, ECF No. 1 ¶¶ 12-13. The next day, on May 8, 2017, the stepdaughter went to the Belle Vernon Barracks and recanted her allegations to Defendant Ziegler. *Id.* ¶ 14. The stepdaughter's mother stated to Defendant Ziegler that she did not believe her daughter's allegations. *Id.* ¶ 15. Ziegler, however, did not include that the stepdaughter recanted in his Investigative Report. *Id.* ¶ 16.

Two days later, on May10, 2017, without doing any investigation, Ziegler filed charges of forcible rape, a first-degree felony, against Plaintiff along with 13 other charges. Defendant

also sought a warrant for Plaintiff's arrest. *Id.* ¶¶ 17-18. All but one of the 14 charges were sex crimes. *Id.* ¶ 19.

At the Preliminary hearing, the charges were held for Court and published and disseminated in the Media. *Id.* ¶¶ 22-23. Defendant Ziegler had an agreement with Plaintiff's counsel not to arrest the Plaintiff as Plaintiff agreed to appear and face the charges. Ziegler reneged on this agreement and had Plaintiff arrested. *Id.* ¶¶ 24-25.

On September 11, 2019, a jury found Plaintiff not guilty on most of the offenses. The jury was hung on all other charges and Plaintiff was not convicted on any of the 14 counts. *Id.* ¶ 26.

The criminal proceedings terminated in Plaintiff's favor on February 7, 2020, when a Washington County judge dismissed all remaining charges with prejudice upon motion of the district attorney. *Id.* ¶ 28.

Plaintiff alleges in Count II of the Complaint that Defendant failed to engage in any investigation before he filed the charges against Plaintiff. *Id.* ¶¶ 44-50.

LEGAL STANDARD

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal

>> evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

ANALYSIS

Plaintiff alleges in Count II of the Complaint, that Defendant intentionally and purposefully hid the fact that Plaintiff's accuser recanted her story, that the accuser's mother reported to Defendant that she did not believe her daughter's story, and Defendant did not attempt to corroborate the accuser's story in any way. Specifically, Plaintiff alleges that evidence existed before Defendant filed charges that would have led him to believe that the accuser's story was untrue. *See, e.g.,* allegations in ¶ 29 a.-g (simple title search would have revealed that Plaintiff did not own his boat at the time accuser alleged improper touching on the boat; publicly available records would have revealed that accuser's biological father had been charged with 77 counts of possession of child pornography and 2 counts of corruption of the morals of minor as to Plaintiff's accuser).

District Courts in this circuit have addressed a claim for reckless investigation under the Fourteenth Amendment. *See Geness v. Cty. of Fayette*, No. CV 16-876, 2016 WL 6652758, at *5 (W.D. Pa. Nov. 9, 2016), *aff'd sub nom. Geness v. Cox*, 902 F.3d 344 (3d Cir. 2018) (referring to "failure to investigate" claims in discussing reckless investigation). *See Geness*, 2016 WL 6652758, at *5 ("To bring a successful due process claim for failure to investigate, a plaintiff must show that a police officer acted intentionally or recklessly, in a manner that shocks the conscience, in failing to investigate. Failure to investigate is considered in tandem with the strength or weakness of the probable cause evidence."). *See also Thomas v. Stanek*, No. 2:14-cv-1415, 2015 WL 757574, at *7

(W.D. Pa. Feb. 23, 2015) (claim of reckless investigation permitted to move forward); *Eckman v. Lancaster City*, 742 F. Supp.2d 638, 653 (E.D. Pa. 2010), *aff'd,* 515 F. App'x 93 (3d Cir. 2013).

These district court cases appear to predate the Third Circuit's opinion in *Harvard v. Cesnalis*, where the court of appeals specifically stated that a claim for reckless investigation could only arise under the Fourth Amendment. 973 F.3d 190, 207 (3d Cir. 2020) (citing *Geness,* 902 F.3d at 354 n.5. Therefore, Plaintiff's attempt to proceed pursuant to the Fourteenth Amendment appears to be unfounded in light of the Third Circuit's brief analysis in *Harvard*. The factual allegations of the Complaint, taken as true, suggest that Defendant was, at a minimum, reckless in bringing the 14 charges against Plaintiff without any corroboration/investigation whatsoever, especially when exculpatory evidence was readily available in public records.

The court must permit a curative amendment in a civil rights action under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). Plaintiff has requested leave to amend. ECF No. 18 at 9. Allowing Plaintiff the opportunity to amend his Complaint would be neither inequitable nor futile.

Here, taking all of Plaintiff's allegations as true, Defendant's Motion to Dismiss should be granted without prejudice so that Plaintiff may amend his Complaint.[1]

CONCLUSION

---

[1] Plaintiff's claim is not properly based on the Fifth Amendment because the Defendant here is a state/local actor rather than a federal actor. *See Thomas v. Stanek*, No. 2:14-cv-1415, 2015 WL 757574, at *7 n.5 (W.D. Pa. Feb. 23, 2015).

For the reasons discussed above, Defendant Ziegler's Partial Motion to Dismiss Count II of the Complaint will be granted without prejudice to Plaintiff filing an Amended Complaint. Plaintiff shall have until May 18, 2022 to file the Amended Complaint.

An appropriate Order will follow.

Dated: April 25, 2022

BY THE COURT

_____
Lisa Pupo Lenihan
United States Magistrate Judge